[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION FOR CONTEMPT (#189) PERSONAL PROPERTY DISTRIBUTION
The parties were divorced in August 1988. They are presently at odds over the division and distribution of certain items of personal property. The parties were referred to Family Services for mediation, and a report was filed by Family Services dated February 21, 1991 setting forth an agreement between the parties as to the allocation of the personal property. The report of the Family Services Office was adopted by the court and ordered on April 22, 1991.
The defendant claims certain property was not to turned over to him. A hearing was held on this matter on December 26, 1991. The parties were represented by counsel, each party testified and witnesses were presented. The defendant produced an expert who testified as to the replacement value of the items.
The court finds that the defendant did not receive the following items of furniture:
1 white dresser
1 desk
1 armchair and hassock
1 swivel desk chair on casters
3-piece mattress box springs — Simmons Beautyrest Luxury Firm
1 two seat couch
1 redwood bark coffee table
1 spanish hexagonal table
1 swivel lounging chair with foot stool.
Many of the above items were purchased in the 60's and late 70's. The court has taken into consideration the depreciation of the above items. The plaintiff claims these items are no longer in her possession.
It is ordered that the plaintiff shall pay to the defendant The sum of $2,000 (Two Thousand Dollars) in lieu of the above items of furniture. CT Page 883
The Family Service's report as adopted by the court, recommended that the crystal, china and silver be divided equally between the parties. The gold plated flatware was awarded to the defendant.
The defendant claims that certain items were not turned over to him as provided in the court order. The plaintiff indicated that the items were either stolen, given to daughter, or thrown out.
It is ordered that the plaintiff shall pay to the defendant the sum of $2,900 (Two Thousand Nine Hundred Dollars) representing the defendant's share of crystal, china, silver and miscellaneous that were not turned over to him by the plaintiff.
The defendant is awarded expert's fees in the amount of $350, and counsel fees of $500.
The total award to the defendant in the amount of $4,900 (Four Thousand Nine Hundred Dollars) plus the expert's fee of $350, plus counsel fees of $500 shall be paid to the defendant at the time the home is sold and shall be paid to the defendant from the plaintiff's share of the proceeds.
COPPETO, J.